# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PIZZA INN, INC., | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. CIV-21-00322-PRW |
| | ) |
| FAWZI ODETALLAH, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

## ORDER

Plaintiff Pizza Inn, Inc., filed a Motion for Preliminary Injunction (Dkt. 6), to which Defendant Fawzi Odetallah responded in a filing styled "Objections" (Dkt. 7). Pizza Inn sought to enjoin Mr. Odetallah from operating a restaurant under the Pizza Inn name in Ponca City, Oklahoma. The Court held an evidentiary hearing and heard arguments on the proposed preliminary injunction on December 15, 2021. For the reasons that follow, the motion for preliminary injunction is now **DENIED**.

A preliminary injunction is a drastic and "extraordinary remedy" for which the right to this relief must be "clear and unequivocal."[1] To prevail, Pizza Inn must establish that four equitable factors weigh in its favor: (1) it is substantially likely to succeed on the merits of its claims; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury Mr. Odetallah will suffer under the injunction; and

---

[1] *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

(4) the injunction would not be adverse to the public interest.[2] Since a "preliminary injunction is an extraordinary remedy never awarded as of right,"[3] Pizza Inn bears the heavy burden of demonstrating that the factors weigh clearly and unequivocally in favor of granting the preliminary injunction. Additionally, when a preliminary injunction would "alter[] the status quo," the movant must satisfy a heightened burden of making a "strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms" and demonstrate that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."[4]

Based on the records before the Court, the evidence introduced at hearing, and the arguments presented by the parties, the Court finds that Pizza Inn has not satisfied its burden under the normal standard and thus need not answer whether this is a situation that requires application of the heightened standard.

*First*, Pizza Inn failed to demonstrate a substantial likelihood of eventual success on the merits. After the evidentiary hearing, many unresolved issues of contested material fact

---

[2] *See Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009); *Valley Comm. Pres. Com'n v. Mineta*, 373 F.3d 1078, 1083 (10th Cir. 2004).

[3] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) ("In general, a preliminary injunction . . . is the exception rather than the rule."); *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir.1989) (stating that a preliminary injunction "constitutes drastic relief to be provided with caution . . . [and] should be granted only in cases where the necessity for it is clearly established").

[4] *O Centro Esperita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (listing preliminary injunctions that alter the status quo among "disfavored type[s]" of injunctions), *aff'd sub nom.*, *Gonzales v. O Centro Esperita Beneficiente Uniao Do Vegetal*, 546 U.S. 418 (2006).

remain. Pizza Inn's claims are predicated on alleged breach of franchise agreement and breach of settlement agreement. Yet the evidentiary hearing revealed there are multiple potentially-contradictory franchise agreements applicable to the scenario, and that serious questions remain about the precise parameters of the settlement agreement and whether Mr. Odetallah's operation is in violation of that agreement. Furthermore, Mr. Odetallah has now alleged that one of the franchise agreements may have involved material misrepresentation or fraudulent inducement by Pizza Inn. The Court will not attempt to resolve this morass of contested issues of facts today, but determines that these disputes over material facts prevent Pizza Inn from satisfactorily demonstrating a substantial likelihood of success on the merits.

*Second*, Pizza Inn failed to demonstrate that irreparable harm would occur without an injunction. Irreparable harm must be "certain, great, actual, and not theoretical" and "not compensable by money damages."[5] At the evidentiary hearing, Pizza Inn presented testimony regarding financial losses, but such losses are unquestionably compensable by money damages. For actual irreparable harm, Pizza Inn offered only speculative arguments that Mr. Odetallah might operate below Pizza Inn's quality standards and thus might harm Pizza Inn's goodwill and brand. Since this Court has previously rejected using a presumption of irreparable harm in trademark infringement cases[6] and here Pizza Inn

---

[5] *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (cleaned up).

[6] *See JEG Powersports, LLC v. M & N Dealership VI, LLC*, 2017 WL 3976296, at *3 (W.D. Okla. Sept. 8, 2017) (collecting cases) (cleaned up); *see also eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392 (2006) (holding that irreparable injury must be proven rather than presumed).

presented no concrete evidence regarding "certain" irreparable harm that is "not compensable by money damages," it hasn't demonstrated that irreparable harm will occur in the absence of injunctive relief.

*Third*, Pizza Inn failed to demonstrate that the balance of harms weighed in its favor. While there must always be irreparable harm—since a preliminary injunction will not issue for mere compensable harm—any demonstrated irreparable harm must still be balanced against the harm to the opposing party if the preliminary injunction were granted. Here, Pizza Inn cannot demonstrate the balance of harms weighs in favor of granting injunctive relief since it failed the threshold bar of demonstrating irreparable harm. Yet even if it had, the Court concludes that Pizza Inn's speculative reputational harm and compensable harm fails to weigh the balance of harms in favor of granting injunctive relief, given the effect of an injunction would be to shutter Mr. Odetallah's Pizza Inn franchise, depriving him of income and putting his employees out of work.

The Court therefore finds that Pizza Inn's presented evidence and pleadings fall short of the requisite burden of proof, and that the preliminary injunction factors do not weigh in favor of granting the drastic and extraordinary remedy of a preliminary injunction against Mr. Odetallah. Accordingly, the Court **DENIES** Pizza Inn's Motion for Preliminary Injunction (Dkt. 6).

**IT IS SO ORDERED** this 16th day of December 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE