IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PIZZA INN, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-21-00322-PRW |
| FAWZI ALLEN ODETALLAH, | ) ) ) |
| Defendant. | ) |

# ORDER

Before the Court are Plaintiff Pizza Inn's Motion to Dismiss Counterclaims (Dkt. 14) and Supplemental Motion to Dismiss Counterclaims (Dkt. 40), along with Defendant Odetallah's responses to each (Dkts. 16 & 43), and Pizza Inn's reply to the most recent response (Dkt. 45). For the following reasons, the Motions (Dkts. 14 & 40) are **DENIED**.

## *Background*

This case began when Pizza Inn sued Mr. Odetallah in this Court for trademark infringement stemming from the continued operation of an allegedly expired Pizza Inn franchise.[1]

In 2007, Mr. Odetallah and Pizza Inn signed franchise agreements that allowed Mr. Odetallah to operate Pizza Inn franchises in Ponca City, Oklahoma, and McAlester, Oklahoma, for a term of twenty years (with an option to extend for ten more years). Mr.

---

[1] At this stage of the proceedings, the Court accepts non-movant's well-pleaded allegations as true, so the account presented in this section reflects Mr. Odetallah's allegations.

1

Odetallah had recently immigrated to the United States and had limited proficiency in writing or speaking in English. Two years after signing the initial franchise contract, Pizza Inn came back to Mr. Odetallah and told him that his franchises would be immediately closed if he did not sign a "Renewal Agreement" and a new franchise agreement. Pizza Inn provided no new consideration for this change in contracts. Although the new franchise agreement still contained the unaltered term regarding twenty years of operation, the renewal agreement (a separate document) stated that Mr. Odetallah would now only be allowed to operate the franchises for ten years. Mr. Odetallah, not understanding what was taking place, signed both documents. The documents were then taken back to Pizza Inn's headquarters for their CEO to sign and copies were never sent back to Mr. Odetallah.

In 2019, Pizza Inn sued Mr. Odetallah for trademark infringement in the Eastern District of Texas, claiming that Mr. Odetallah had failed to renew his franchise agreement and that his franchise had terminated after ten years in accordance with the 2009 renewal agreement. In response, Mr. Odetallah filed for bankruptcy, staying Pizza Inn's lawsuit. The parties subsequently settled. Two years later, Pizza Inn sued Mr. Odetallah again, this time before this Court. For the first time, as part of this suit, Mr. Odetallah received copies of the 2009 renewal agreement and new franchise agreement. Mr. Odetallah then filed a counterclaim against Pizza Inn for fraud, duress, coercion, concealment, mistake, and extortion, alleging that Pizza Inn lied to him about the imminent termination of his original franchise contract and tricked him into signing a shorter franchise contract without new consideration.

After both parties amended their respective complaint and counterclaims, Pizza Inn moved to dismiss the counterclaims for failure to state a claim and as barred by the statute of limitations. Later, Pizza Inn sought and received leave to file a supplemental motion to dismiss. Pizza Inn then moved to dismiss the counterclaims on the additional grounds that Mr. Odetallah's franchise contract contained a forum selection clause. The matter is now fully briefed.

### *Legal Standard*

When reviewing a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the [non-movant]."[2] Parties bear the "obligation to provide the grounds of [their] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[3] The pleaded facts must thus be sufficient to establish that the claim is plausible.[4] In considering whether a plausible claim has been made, the Court "liberally construe[s] the pleadings and make[s] all reasonable inferences in favor of the non-moving party."[5] However, when considering a Rule 12(b)(6) motion to dismiss, the Court also examines whether the claim fails as a matter of law despite sufficiently detailed factual allegations. Thus, the Court "may grant judgment as a matter of law under Federal

---

[2] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[4] *See id*.

[5] *Brokers' Choice of Am., Inc. v. NBC Univ., Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

Rule of Civil Procedure 12(b)(6) on the basis of an affirmative defense" such as the statute of limitations "when the law compels that result."[6]

### *Discussion*

*Failure to State a Claim*

    In the original motion to dismiss, Pizza Inn argues that Mr. Odetallah's counterclaims should be dismissed for failure to state a claim that provides Pizza Inn "fair notice of the claims toward which it must defend itself."[7]

    While it is true that pleadings must provide a defendant "fair notice of what the . . . claim is and the ground upon which it rests,"[8] this is not meant to be a departure from the general liberal pleading standards of Rule 8(a)(2), which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."[9] As the Supreme Court identified in *Twombly*, a complaint that "mentioned no specific time, place, or person involved in the alleged" misconduct would fail to provide fair notice.[10] But satisfying fair notice does not require "specific facts" and only requires a complaint to make sufficient assertions that raise the pleaded claim above a speculative level.[11]

---

[6] *Caplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1341 (10th Cir. 2015).

[7] *See* Mot. to Dismiss (Dkt. 14), at 4.

[8] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555)).

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 565 n.10)).

[11] *Earles v. Cleveland*, 418 F. Supp. 3d 879, 890 (W.D. Okla. 2019) (quoting *Erickson*, 551 U.S. at 93)).

It is well-established under Oklahoma law that courts will not enforce a contract that was obtained through "fraud, duress, undue influence or mistake."[12] Here, the core of Mr. Odetallah's counterclaim is that in 2009, Pizza Inn tricked him into giving up his contractual right to run his franchises for twenty years and induced him to sign a new contract that terminated after only ten years. His pleadings specifically allege facts supporting the assertion of Pizza Inn's fraudulent behavior, including that Pizza Inn "took advantage of [Mr. Odetallah]'s trust and inability to communicate proficiently in English," that "Pizza Inn knowingly, intentionally and falsely represented to Mr. Odetallah that he would have to immediately close his Pizza Inn restaurant if he did not sign [its] Renewal Agreement," that "Pizza Inn provided no new consideration to [Mr. Odetallah] for his signing of the Renewal Agreement," and that "Mr. Odetallah relied on Pizza Inn's fraudulent statements to his own detriment."[13]

Mr. Odetallah's counterclaims clearly identify who the claims are leveled against, what relief he seeks, and places Pizza Inn on fair notice as to the asserted facts and the general "fraud, duress, undue influence, or mistake" type of claims that it should prepare to defend against. In short, Mr. Odetallah's counterclaims set out well-pleaded facts which, if accepted as true, not only satisfy the minimum pleading standard but make a robust case

---

[12] *Bilbrey v. Cingular Wireless, L.L.C.*, 164 P.3d 131, 134 (Okla. 2007); *see also Chester v. Parsons*, 2021 WL 4343609, at *4 (W.D. Okla. Apr. 19, 2021) (recognizing that a party may void a contract if the party can prove that the contract was the produce of "duress or undue influence, or by fraud or mistake").

[13] Am. Countercl. (Dkt. 33), at 3–5.

as to Pizza Inn's misconduct.[14] Therefore, Pizza Inn is not entitled to dismissal of these counterclaims under Rule 12(b)(6).

*Statute of Limitations*

Additionally, in the original motion to dismiss, Pizza Inn claims that the statute of limitations for Mr. Odetallah's counterclaims expired long ago, so the counterclaims must be dismissed as untimely.

Title 12, § 95 of the Oklahoma Statutes imposes a general two-year statute of limitations on most types of fraud. Mr. Odetallah claims that Pizza Inn's fraudulent behavior occurred in 2009, but that he did not discover the fraud until Pizza Inn filed this lawsuit and provided him a copy of the renewal agreement and new franchise agreement that it forced him to sign. Pizza Inn responds that the late discovery is immaterial to the statute of limitations and that the two-year clock began to run when the fraud occurred.[15]

However, Pizza Inn erroneously misstates applicable Oklahoma law. Oklahoma follows the "discovery rule," which allows "injured parties who are initially unaware that an injury has been sustained have the same rights to sue as parties whose injury is immediately ascertainable."[16] Title 12, § 95 itself expressly provides that for "an action for relief on the ground of fraud," the "cause of action in such case shall not be deemed to have

---

[14] Although Pizza Inn failed to raise this point, Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard for claims of fraud, requiring that such pleadings must "state with particularity the circumstances constituting fraud or mistake." Here, Mr. Odetallah's counterclaim pleadings satisfy this heightened standard as well.

[15] *See* Mot. to Dismiss (Dkt. 14), at 5.

[16] *Mallow v. Ethicon, Inc.*, 2022 WL 844196, at *4 (W.D. Okla. Mar. 21, 2022) (citing *Calvert v. Swinford*, 382 P.3d 1028, 1033 (Okla. 2016)).

accrued until the discovery of the fraud."[17] Here, Mr. Odetallah has plausibly pleaded that he was unaware of the fraud by Pizza Inn until Pizza Inn filed the present lawsuit. For this motion to dismiss, Mr. Odetallah is the non-movant and the Court accepts as true his well-pleaded facts. Therefore, the Court assumes as true that Mr. Odetallah only discovered the fraud when this lawsuit was filed—thus, the statute of limitations for the fraud only began to run on April 12, 2021, and it does not prevent Mr. Odetallah from now pursuing his fraud-based claims against Pizza Inn.

*Forum Selection Claim*

Topping it off, in its supplemental motion to dismiss, Pizza Inn now argues—for the first time—that Mr. Odetallah's franchise contract contains a forum-selection clause stating that the proper venue for any litigation arising out of the franchise contract is the Eastern District of Texas. However, dismissal for improper venue is authorized by Rule 12(b)(3) of the Federal Rules of Civil Procedure and Rule 12(b)(3) arguments are waived if not presented in a party's first Rule 12 motion.[18] Therefore, Pizza Inn waived the right to object to the venue by failing to present this argument in its first motion to dismiss.[19]

---

[17] *See* Okla. Stat. tit. 12, § 95(A)(3).

[18] *See* Fed. R. Civ. P. 12(h)(1).

[19] Even if Pizza Inn had not waived this argument by failing to include it in the first motion to dismiss, the Court would find that Pizza Inn effectively waived the forum-selection clause by taking litigation actions inconsistent with the clause—namely, by filing suit here. *See, e.g.*, *Kettler Int'l, Inc. v. Starbucks Corp.*, 55 F. Supp. 3d 839, 849 (E.D. Va. 2014) ("A forum-selection clause . . . will not be deemed waived unless (1) the party invoking the clause has taken action inconsistent with it or has delayed its enforcement, and (2) the other party would be prejudiced by its enforcement."); *see also S&J Rentals, Inc. v. Hilti, Inc.*, 294 F. Supp. 3d 978, 984 (E.D. Cal. 2018) (same); *Wachovia Bank Nat'l Ass'n v. EnCap Golf Holdings, LLC*, 60 F. Supp. 2d 311, 328 (S.D.N.Y. 2010) (same).

*Conclusion*

Pizza Inn is not entitled to dismissal of Mr. Odetallah's counterclaim for any of the grounds asserted in either motion to dismiss. Accordingly, the Motions (Dkts. 14 & 40) are **DENIED**.

**IT IS SO ORDERED** this 25th day of May 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE