IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PIZZA INN, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-21-00322-PRW |
| FAWZI (ALLEN) ODETALLAH, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Before the Court is Pizza Inn's Motion for Award of Fees and Costs (Dkt. 108) and Mr. Odetallah's Objection (Dkt. 111). Pizza Inn seeks the fees and costs associated with preparing the final pretrial report (Dkt. 77) and travel to and from the pretrial conference held on October 17, 2022. For the reasons explained the below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

On September 22, 2022, the parties were to file a joint pretrial report detailing the facts of the case and the issues remaining for trial. Pizza Inn's counsel emailed a draft report in Word format to Mr. Odetallah's counsel on September 19, but he didn't respond. After two follow-up emails, Mr. Odetallah's counsel responded the morning of September 22. In that response, Mr. Odetallah's counsel attached a signed PDF "with Defendant's changes" and notified Pizza Inn's counsel that he had removed a portion of Pizza Inn's preliminary statement that "contained details of mediation that are confidential settlement

1

discussions."[1] He clarified that he had "removed just those statements."[2] In truth, however, Mr. Odetallah's counsel had not only altered Pizza Inn's version of the case's facts as contained in its preliminary statement, but also had altered the stipulated facts section to say Oklahoma law governs the non-federal claims in this case and changed Pizza Inn's bifurcation request from "Yes" to "No."[3]

Objecting to the unilateral alteration of Pizza Inn's preliminary statement and the undisclosed additional changes, Pizza Inn's counsel sent an email to Mr. Odetallah's counsel at 10:30 a.m. on September 22, the morning of the pretrial report deadline. After receiving this email, Mr. Odetallah's counsel continued filing other pretrial documents— he filed proposed jury instructions at 11:25 a.m. (Dkt. 74) and a motion *in limine* at 4:22 p.m. (Dkt. 75). Pizza Inn's counsel sent five additional emails attempting to finalize the pretrial report, but Mr. Odetallah's counsel still didn't respond. Pizza Inn's counsel thus decided to file both versions of the report in the final minutes before the deadline. Pizza Inn's version was filed as Exhibit A and Mr. Odetallah's version as Exhibit B (Dkt. 77). In response, Mr. Odetallah requested that the Court strike the pretrial report and order the parties to file a single version (Dkt. 83).

The Court planned to ask Mr. Odetallah's counsel during the pretrial conference why the Court should not sanction Mr. Odetallah for his conduct surrounding the pretrial report. But on October 11, the morning of the pretrial conference and jury selection, Mr.

---

[1] Pl.'s Mot. (Dkt. 89), Ex. 2.
[2] *Id.*
[3] *Id.* at 3.

Odetallah's counsel informed the Court by email that his client was ill. So, the Court reset the pretrial conference to Monday, October 17, 2022. Neither Mr. Odetallah nor his counsel appeared at the pretrial conference, while Pizza Inn's counsel—who had traveled from Texas—appeared. Because his failure to appear at the pretrial conference prevented the Court from taking up the sanctions issue at the pretrial conference, the Court ordered Mr. Odetallah to show cause as to (1) why he should not be held in contempt of the Court's Order resetting the pretrial conference to October 17; (2) why he should not be ordered to pay Pizza Inn's reasonable attorney's fees and costs for its counsel's time and travel to and from the October 17 pretrial conference; and (3) why he should not be ordered to pay Pizza Inn's reasonable attorney's fees and costs for its counsel's efforts in filing the pretrial report and the response to Mr. Odetallah's objection to that filing. On October 19, Pizza Inn filed a motion for an award of attorney's fees and costs associated with the pretrial report and its travel to and from the pretrial conference, and on October 21, Mr. Odetallah responded to the Court's Order to show cause.

Having given Mr. Odetallah opportunity to show cause why he should not pay Pizza Inn's reasonable attorney's fees and costs, and after carefully reviewing the parties' filings, the Court finds that Mr. Odetallah engaged in bad-faith conduct with respect to the pretrial report. Accordingly, the Court **GRANTS** Pizza Inn's motion for the fees and costs associated with that report; **ASSESSES** $1,723.00[4] against Mr. Odetallah; **ORDERS** Mr.

---

[4] This amount is based on Pizza Inn's calculation of its attorney's fees (Dkt. 108, Ex. 1), fees the Court finds reasonable given the circumstances.

Odetallah to pay that amount to Pizza Inn's counsel by December 16, 2022; and **ORDERS** Mr. Odetallah's counsel to file proof of such payment on or before December 21, 2022. And while the failure to appear at the pretrial conference is inexcusable (Mr. Odetallah's counsel explains that he "overlooked" the pretrial conference date because it was "inadvertently not added to [his] docket"), in light of the fact that the Court at the pretrial conference granted Pizza Inn leave to file a second Motion for Summary Judgment, and in light of the fact that Pizza Inn's counsel will not have to travel to Oklahoma City for a second pretrial conference, the Court **DENIES** Pizza Inn's motion for the fees and costs associated with its counsel's travel to and from the pretrial conference.

**IT IS SO ORDERED** this 6th day of December 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE